UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FERNANDO OROZCO LOPEZ,

           Petitioner,

v.

KRISTI NOEM et al.,

           Respondents.
_____/

Case No. 1:25-cv-1303

Honorable Robert J. Jonker

## ORDER TO SHOW CAUSE

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center in Baldwin, Lake County, Michigan. Petitioner challenges the lawfulness of his current detention.

Petitioner names as Respondents United States Secretary of Homeland Security Kristi Noem—because of her broad authority over the operation and enforcement of the immigration laws—and Field Office Director of the Detroit Field Office of ICE Robert Lynch—because he is charged with the detention and removal of aliens who fall under the jurisdiction of the Detroit Field Office. Petitioner asks the Court for the following relief: to accept jurisdiction over this action; to order Respondents not to transfer Petitioner out of the Western District of Michigan during the pendency of these proceedings; to declare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act; to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner; and to award attorneys' fees and costs for this action. (§ 2241 Pet., ECF No. 1, PageID.17–18.)

The Court has reviewed the application pursuant to 28 U.S.C. § 2243 and determined that additional factual and legal information is necessary to determine whether any of the relief requested by Petitioner should be granted. Therefore, the Court orders the following:

1. The Clerk of Court shall serve copies of the petition and this order on each Respondent and the United States Attorney for the Western District of Michigan.

2. Not later than 21 days after entry of this order (using the time computing rules of Federal Rule of Civil Procedure 6),[1] Respondents shall show cause in writing why the writ of habeas corpus and other relief requested in the petition should not be granted. Respondents must also respond at the same time to each separate allegation of the petition as if the petition were a pleading under Rule 8 of the Federal Rules of Civil Procedure.

3. Not later than 21 days after entry of this order (using the time computing rules of Federal Rule of Civil Procedure 6), Respondents shall submit written responses to the following inquiries:

    a. Section 1225(b)(2) of Title 8 applies "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." In this case, has such a determination been made? If so, when was it made, by whom, and was the determination documented?

---

[1] Under 28 U.S.C. § 2243, the Court has discretion to enlarge the normal three business day window to up to 20 business days for good cause. Here, there is good cause to grant Respondents additional time to respond because the Court is requesting certain specific information that may not be readily available. The 21-day period calculated under Federal Rule of Civil Procedure 6 will be shorter than 20 business days.

        b.        Has the Attorney General or her designee issued a warrant for Petitioner's arrest as contemplated by 8 U.S.C. § 1226? If so, when was the warrant issued and by whom?

        c.        Have removal proceedings under 8 U.S.C. § 1229a been initiated against the Petitioner? If not, when is it expected that such proceedings will be initiated?

        d.        Do Respondents believe there is any statutory authority to detain Petitioner outside the authority granted by 8 U.S.C. §§ 1225 and 1226? If so, what statute or statutes provide that authority?

        e.        Do Respondents believe the government possesses any other, non-statutory authority to detain aliens such as Petitioner? If so, what is the source of that authority?

4.        Petitioner may file a written reply not later than 10 days after Respondents file their response to the order to show cause (using the time computing rules of Federal Rule of Civil Procedure 6). If Petitioner wishes to seek any emergent relief, such as a preliminary injunction, he should proceed under Rule 65 of the Federal Rules of Civil Procedure.[2]

---

[2] Under 28 U.S.C. § 2243, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to this proceeding. Rule 1(b), Rules Governing § 2254 Cases. Habeas Rule 12 allows the Court to apply the ordinary Rules of Civil Procedure as long as doing so is not inconsistent with the Habeas Rules. In this case, the Court believes that using the preliminary injunction framework of Rule 65 of the Federal Rules of Civil Procedure provides the best way to frame any issues for emergent relief.

5. The Court will schedule a hearing, if necessary, after the parties have filed their submissions.

**IT IS SO ORDERED**.

Dated: October 28, 2025  /s/ Robert J. Jonker
Robert J. Jonker
United States District Judge